Electronically Filed
Intermediate Court of Appeals
30121
25-APR-2011
07:49 AM

NO. 30121

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TODD B. WEEKS, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2220)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Petitioner-Appellant Todd B. Weeks ("Weeks") appeals
from the "Order Denying Writ of Habeas Corpus L1892 Chapter 57
Section 5, Common Law of the Hawaiian Islands; L1892 Chapter 57
Section 37 (Eigth [sic]), to Issue Writ of Habeas Corpus, Filed
September 15, 2009; and Denying HRS 660-6 and 660-7 Order to Show
Cause, Filed September 24, 2009" ("Order"), filed on
September 29, 2009, in the Circuit Court of the First Circuit
("Circuit Court").[1]

In the Order, the Circuit Court denied Weeks's (1)
"Writ of Habeas Corpus L1892 Chapter 57 Section 5, Common Law of
the Hawaiian Islands; L1892 Chapter 57 Section 37 (Eigth [sic])
to Issue Writ of Habeas Corpus" ("Habeas Petition"), filed on
September 15, 2009; and (2) motion for an order to show cause,
filed on September 24, 2009 (collectively, "Motions"). The court
denied the Motions on the basis that they were not in compliance

---

[1]      The Honorable Karl K. Sakamoto presided.

with Hawaii Revised Statutes ("HRS") § 660-5 (1993).[2/]

On appeal, Weeks appears to argue that the Circuit Court erroneously denied his Motions because (1) he was denied effective assistance of counsel, where the public defender knew that he was "nowhere near the vehicle nor was my prints found in the car that I am serving time for" and yet told Weeks that he did not "have a chance against the charges"; and (2) the court lacked jurisdiction over him because he is "a citizen of Hawaii and therefore should be tried in the Common law venue court of the Country of Hawaii." Weeks asks that we dismiss all charges against him and expunge his record accordingly.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Weeks's points of error as follows:

---

[2/]     HRS § 660-5 provides:

§ 660-5. Complaint. Application for the writ or an order to show cause shall be made to the court or judge authorized to issue the same, by complaint in writing, signed by the party for whose relief it is intended, or by some person in the party's behalf, setting forth:

(1)     The person by whom, and the place where, the party is imprisoned or restrained, naming the party and the person detaining the party, if their names are known, and describing them if they are not known;

(2)     The cause or pretense of imprisonment or restraint, according to the knowledge and belief of the applicant;

(3)     If the imprisonment or restraint is by virtue of any warrant or other process, an annexed copy thereof, unless it is made to appear that a sufficient reason exists for not annexing the same;

(4)     That there has been no determination of the legality of the detention on a prior application for a petition for a writ of habeas corpus, or, if there has been a previous determination, the new grounds, if any, not presented and determined upon the previous application.

The facts alleged shall be verified by the oath of some credible person, to be administered by any person authorized to administer oaths.

Instead of denying the Motions on the basis that they were not in compliance with HRS § 660-5, the Circuit Court should have treated them as petitions for post-conviction relief under Hawai'i Rules of Penal Procedure (HRPP) Rule 40. Haw. R. Pen. P. 40(a) and 40(c)(2); see State v. Villanueva, No. 30137, 2010 WL 2513330, *1 (Haw. App. July 21, 2010).

HRPP Rule 40(c)(2) requires that a nonconforming petition should be treated as an HRPP Rule 40 petition under certain conditions. It also sets forth procedures for the circuit court to follow when treating a nonconforming petition as an HRPP Rule 40 petition. The rule provides, in relevant part, that:

> Where a post-conviction petition deviates from the form annexed to these rules, it shall nevertheless be accepted for filing and shall be treated as a petition under this rule provided that the petition (i) claims illegality of a judgment or illegality or "custody" or "restraint" arising out of a judgment, (ii) is accompanied by the necessary filing fee or by a well-founded request to proceed without paying filing fees, and (iii) meets minimum standards of legibility and regularity.

Haw. R. Pen. P. 40(c)(2). The Motions are legible and appear to claim that the Circuit Court lacked jurisdiction over Weeks and that, therefore, the judgment against him and its sentence of him were illegal. In addition, the Circuit Court granted Weeks's request to proceed in forma pauperis.

Any failure on Weeks's part to comply with the requirements of HRPP Rule 40 should have been addressed by an order instructing him to abide by the rule. Haw. R. Pen. P. 40(c)(2).

Therefore,

IT IS HEREBY ORDERED that the "Order Denying Writ of Habeas Corpus L1892 Chapter 57 Section 5, Common Law of the Hawaiian Islands; L1892 Chapter 57 Section 37 (Eigth [sic]), to Issue Writ of Habeas Corpus, Filed September 15, 2009; and Denying HRS 660-6 and 660-7 Order to Show Cause, Filed September 24, 2009," filed on September 29, 2009, in the Circuit Court of the First Circuit is vacated and this case is remanded for the Circuit Court to address the "Writ of Habeas Corpus L1892 Chapter 57 Section 5, Common Law of the Hawaiian Islands; L1892

3

Chapter 57 Section 37 (Eigth [sic]) to Issue Writ of Habeas Corpus" and motion for an order to show cause on their merits as a non-conforming Rule 40 petition under the Hawaiʻi Rules of Penal Procedure.

DATED:  Honolulu, Hawaiʻi, April 25, 2011.


On the briefs:

Todd B. Weeks
Pro Se Petitioner-Appellant

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge